**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BIKAR SINGH,

                Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 06-73104

Agency No. A076-456-548

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

    Bikar Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings, *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007), and we review de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Singh admitted giving statements at his asylum interview that were inconsistent with his application and hearing testimony regarding the circumstances surrounding his second arrest in October 1995, *see Don*, 476 F.3d at 741-42 (inconsistencies in the details of events forming the basis of petitioner's fear go to the heart of the claim), and Singh's explanations do not compel a contrary conclusion, *see Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Singh's CAT claim is based on testimony the agency found not credible, and Singh points to no evidence in the record that compels a finding that it is more likely than not he would be tortured if returned to India, his CAT claim also fails. *See id.* at 1156-57.

We reject Singh's contention the agency's adverse credibility determination violated due process by relying on the discrepancies made during his asylum

06-73104

interview, because Singh admitted he made the inconsistent statements. *See Lata*, 204 F.3d at 1246 (requiring error and prejudice for due process violation). We also reject Singh's contentions that the BIA applied the wrong standard of review. *See* 8 C.F.R. § 1003.3(f).

**PETITION FOR REVIEW DENIED.**